DAVID RUBEL and EDITH RUBEL, Infants, by JACOB RUBEL, Their Guardian ad Litem, Respondents, *v.* ERNEST HONIG, Appellant.

First Department, April 5, 1917.

Bills and notes — action on non-negotiable promissory note — defense — conditional delivery of note — conflicting testimony as to application of interest paid — erroneous direction of verdict — evidence.

Where the defendant, sued on a non-negotiable promissory note, sets up as a defense that the sole consideration for the note was certain certificates of deposit delivered to him by the father of the payees named in the note to secure the payment of moneys which a partnership, of which the father of the payees was a member, owed to the defendant, and the proof raises a question of fact as to whether certain interest paid by the defendant was paid on account of the certificates of deposit

received by him or was paid upon the note, it was error for the court to decide, as a matter of law, that the payment of the interest made the note effective and to direct a verdict for the plaintiff, it being for the jury to say upon which of the two obligations the interest was paid.

Under the circumstances it was competent for the defendant to show that the note never had a valid inception, and that the delivery thereof to the father of the payees was conditional, and that the condition was that the note was not to take effect or be delivered to the payees until the payment of said indebtedness to the defendant.

APPEAL by the defendant, Ernest Honig, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of May, 1916, affirming a judgment of the City Court of the City of New York in plaintiffs' favor, and also affirming an order of said court denying defendant's motion for a new trial. An appeal is also taken from the judgment and order so affirmed.

*Abraham P. Wilkes,* for the appellant.

*James Garfield Moses,* for the respondents.

LAUGHLIN, J.:

The recovery was on a non-negotiable promissory note made by the defendant, of which the following is a copy, to wit:

"NEW YORK, N. Y., *Feb.* 20*th*, 1908.

"For value received I promise to pay to David and Edith Rubel on demand Six Hundred and Ninety Eight & 34/100 Dollars, with interest from Jan. 1st, 1908. Said interest to be at the rate of 6% per annum, and payable January 1st and July 1st each year.          (Sgd)          ERNEST HONIG."

The payees were infants of eight and seven years of age respectively, and the guardian *ad litem* by whom they bring the action is their father. The defendant pleaded as defenses (as the answer was construed and accepted on the trial) and offered evidence tending to show that a copartnership firm composed of the father of the payees and another was at the time the note was executed indebted to him in the sum of $1,000 for goods sold and delivered; that to secure the payment thereof and the payment of any moneys that might become due to the defendant, the father of the payees delivered to the defendant

about two weeks prior to the making of the note two certificates of deposit of $68.56 and $629.78, respectively, executed by a department store, by which it certified that it held those amounts for the credit of the father of the payees, and that such certificates were indorsed by him to the order of the defendant; that said certificates of deposit constituted the only consideration received by him for the note; that the note was given at the time the certificates of deposit were cashed by the defendant; that the indebtedness, to secure which the certificates of deposit were delivered to the defendant, had not been paid at the time the action was commenced; that it was understood and agreed between the defendant and the father of the payees that the note should not be deemed a promissory note or an obligation or evidence of an obligation in favor of either the plaintiffs or their father until said indebtedness owing by the firm of the father of the payees to the defendant was paid.

In behalf of the plaintiffs their father testified that the money represented by the certificates of deposit belonged to them, and that the certificates were delivered to the defendant as a loan, and that the note was given therefor. The defendant denied that he was informed that the certificates represented moneys belonging to the children, and testified that when the certificates were originally delivered to him there was no agreement to give a note therefor; and that the note was subsequently given in the names of the children at the instance of their father in order to conceal from his partner the fact that he had this money, and in order to prevent its being reached by any creditors of the firm; and he offered evidence to show that it was agreed between him and the father of the payees that the note was not to be delivered to the payees but was to remain in the hands of their father; and that it was not to take effect as an obligation against the defendant until the payment of said indebtedness; and he offered to show the conversations between him and the father of the payees at and prior to the time the note was made and delivered, with a view to showing that it was understood and agreed that it was to be held by the father of the payees, and was not to be delivered to the payees until the said indebtedness was paid and was not to become a binding obligation until that time.

The testimony of the father of the payees tends to show that the defendant made the semi-annual payments of interest on the note up to and including January 1, 1914; but the defendant testified that when he received the certificates of deposit the father of the payees said he would have to pay interest on the proceeds of the certificates of deposit. According to the testimony of the defendant, that was before there was any arrangement for giving a note. The defendant, therefore, claims that the payments of interest made by him were payments in accordance with that arrangement, and not payments of interest on the note. The plaintiffs alleged the payment of interest on the note, but this allegation was fairly put in issue by a denial thereof, accompanied by an admission by the defendant that he paid the sum of twenty-one dollars from time to time to the father of the payees as interest, which accords with his testimony that the interest was paid on account of the money and not on the note. In this state of the record the plaintiffs are not in a position to claim that by the payment of interest the note became effective, for whether or not interest was paid on the note was a controverted question of fact and could not be decided in favor of the plaintiffs as a matter of law, as was done by the direction of the verdict.

It was, therefore, entirely competent for the defendant to show, as he offered to show, that the note never had a valid inception, and that the delivery thereof to the father of the payees was conditional, and that the condition was that it was not to take effect or to be delivered to the payees until the payment of said indebtedness to the defendant. (Neg. Inst. Law [Consol. Laws, chap. 38; Laws of 1909, chap. 43], § 35; *Smith v. Dotterweich*, 200 N. Y. 299.)

It follows that the determination of the Appellate Term and the judgment and order of the City Court should be reversed and a new trial ordered, with costs to appellant in all courts to abide the event.

Clarke, P. J., Scott, Davis and Shearn, JJ., concurred.

Determination and order and judgment of City Court reversed and new trial ordered, costs to appellant to abide event.